UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Floyd Hantz,<br><br>        Plaintiff,<br>v.<br><br>Synchrony Bank f/k/a GE Capital Retail Bank,<br><br>        Defendant. | Civil Action No.: 1:14-cv-01287<br><br>**JOINT STATUS REPORT** |

A Rule 16 Scheduling Conference is scheduled for March 24, 2015 before Hon. Janet T. Neff. Appearing for the parties as counsel will be:

**Appearing for Plaintiff:**

Sergei Lemberg, Esq.
LEMBERG LAW, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Email: slemberg@lemberglaw.com

**Appearing for Defendant:**

Timothy R. Carraher (IL# 6299248)
REED SMITH LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606
Telephone: (312) 207-1000
Fax: (312) 207-6400
tcarraher@reedsmith.com

### 1. STATEMENT OF JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 1331, because Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

**2. JURY OR NON-JURY**

Plaintiff requests a jury trial.

**3. JUDICIAL AVAILABILITY**

The parties do not wish to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and to order the entry of final judgment.

**4. STATEMENT OF THE CASE**

a) Plaintiff:

Plaintiff, Floyd Hantz, is an individual residing in Battle Creek, Michigan. Plaintiff alleges that Defendant violated the TCPA by calling his cellular telephone using an automated telephone dialing system ("ATDS") without his consent. Further, Defendant continued to place calls using an ATDS after Plaintiff demanded that all communication to his cellular telephone number cease.

b) Defendant:

Defendant denies the allegations in the Complaint.

**5. PENDENT STATE CLAIMS**

This case does not include pendent state claims.

**6. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by April 24, 2015.

**7. DISCLOSURES AND EXCHANGES**

    i. Fed.R. Civ.P. 26(a)(1) requires initial disclosures, including identification of lay witnesses, unless the court orders otherwise. Any party objecting to Rule 26(a)(1)

disclosures must set forth below in detail the nature and reasons for the objection. If one or more party objects, no initial disclosure shall be required until the court resolves the objection at the Rule 16 conference. In the absence of an objection, initial disclosures will be required of all parties.

    A. Fed.R.Civ.P.26(a)(1) disclosures shall be made by March 31, 2015.

ii. Plaintiff expects to be able to furnish the names of Plaintiff's expert witness(es) by July 24, 2015. Defendant expects to be able to furnish the names of Defendant's expert witness(es) by August 28, 2015.

iii. It <u>would</u> be advisable in this case to exchange written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

    Plaintiff will produce expert witness reports by July 24, 2015. Defendant will produce expert witness reports by August 28, 2015.

iv. The parties are unable to agree on voluntary production at this time.

## 8. DISCOVERY

The parties believe that all discovery proceedings can be completed by September 30, 2015. The parties recommend the <u>following discovery plan</u>:

i. Ten (10) depositions per side, twenty-five (25) interrogatories per side.

ii. Up to seven (7) hours per deposition.

iii. Each party is limited to thirty-five (35) requests for production of documents and twenty-five (25) requests for admission. Additional document requests or requests for admissions will be allowed only upon leave of Court.

## 9. DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: To the extent that any non-privileged electronically stored information is discoverable and requested, the producing party will provide the documents as TIF images, or in native format as appropriate.

**10. ASSERTION OF CLAIMS OF PRIVILEGE OR WORK-PRODUCT IMMUNITY AFTER PRODUCTION**

The parties will agree to an order regarding claims of privilege or of protection if the need arises.

**11. MOTIONS**

The parties acknowledge that a pre-motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed. See Judge Neff's Information and Guidelines for Civil Practice, located on this Court's website, www.miwd.uscourts.gov under Attorney Information.

The parties acknowledge that W.D. Mich. L.Civ.R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

The following dispositive motions are contemplated by each party:

<u>The parties anticipate that all pre-motion conference requests will be filed by October 30, 2015.</u>

**12. ALTERNATIVE DISPUTE RESOLUTION**

In the interest of conserving judicial resources, the parties acknowledge that this Court will require the parties to participate in some form of Alternative Dispute Resolution. See Judge Neff's Information and Guidelines for Civil Practice, located on this Court's website, www.miwd.uscourts.gov.

The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: a settlement conference at the close of discovery.

## 13. LENGTH OF TRIAL

Counsel estimate the trial will last approximately <u>two</u> days total, allocated as follows: <u>one</u> day for Plaintiff's case and <u>one</u> day for Defendant's case.

## 14. PROSPECTS OF SETTLEMENT

Settlement discussions currently ongoing, and there is a chance of settlement in this case.

## 15. ELECTRONIC DOCUMENT FILING SYSTEM

Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular documents is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

## 16. OTHER

N/A.

DATED this 17th day of March, 2015.

/s/ Sergei Lemberg
Sergei Lemberg, Esq.
Lemberg Law, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Email: slemberg@lemberglaw.com
*Attorneys for Plaintiff Floyd Hantz*

/s/ Timothy R. Carraher_____
Timothy R. Carraher (IL# 6299248)
REED SMITH LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606
Telephone: (312) 207-1000
Fax: (312) 207-6400
tcarraher@reedsmith.com
*Attorneys for Synchrony Bank f/k/a GE Capital Retail Bank*